IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE: [REDACTED]  :  Misc. No. 1:22MJ362
[REDACTED]  :  [REDACTED]

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR MATERIAL WITNESS ARREST WARRANT AND RELATED
SEALING ORDER

NOW COMES the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and respectfully requests that this Court issue a material witness warrant for [REDACTED] requiring [REDACTED] in the Middle District of North Carolina, and seal the materials in support thereof, and states the following:

DISCUSSION

I. *This Court should issue the requested warrant.*

This Court has the authority under 18 U.S.C. § 3144 to detain an individual as a material witness in any criminal proceeding as follows:

> [i]f it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title.

18 U.S.C. § 3144. The statute only requires that it appear by affidavit that: (i)

the testimony of a person is material; (ii) in any criminal proceeding; and (iii) it may become impracticable to secure his presence by subpoena. The Ninth Circuit has explained the requirements of obtaining a material witness arrest warrant as follows:

> Before a material witness arrest warrant may issue, the judicial officer must have probable cause to believe (1) "that the testimony of a person is material" and (2) "that it may become impracticable to secure his presence by subpoena." These requirements are reasonable, and if they are met, an arrest warrant may issue.

*Bacon v. United States*, 449 F.2d 933, 943 (9th Cir. 1971) (citations omitted).

In *United States v. Awadallah*, 349 F.3d 42 (2d Cir. 2003), the Second Circuit went even further, finding that the material witness statute authorized the detention of a grand jury witness. The critical question for the *Awadallah* Court was whether the term "a criminal proceeding" applied to proceedings before the grand jury. The Court held that it did (citing also to *Bacon* for approval, which previously held that the term "criminal proceeding" was ambiguous, absent clear context, but that the relevant statutes and the Federal Rules of Criminal Procedure, taken as a whole, were clearly broad enough in scope to encompass grand jury investigations). *Awadallah*, 349 F.3d at 50 (*citing to Bacon*, 449 F.2d at 936-41). (internal quotations and citations omitted).

2

*Awadallah* also noted that other courts have assumed that the material witness statute authorized detention of grand jury witnesses, citing cases from the Second Circuit, the First Circuit, the Seventh Circuit, the Ninth Circuit, and multiple district courts. *See* 349 F.3d at 50-51 ("Other courts, including this one, have assumed that the material witness statute authorizes detention of grand jury witnesses") (string cite omitted).

There is probable cause to believe that if a material witness arrest warrant is not issued at this time, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and will ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

II. *This Court should seal the materials filed in support of the warrant request.*

Federal Rule of Criminal Procedure 6(e) protects against disclosure of "a matter occurring before the grand jury." *See also Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989) (recognizing "the rule of secrecy that is imposed with clearly defined exceptions on matters occurring before a grand jury"). And *Baltimore Sun Co.* allows for sealing information associated with search warrants despite the countervailing First Amendment right to public access. To that end, at least one circuit court has affirmed the sealing not just of material witness warrant application packages but of the later Section 3142 proceedings associated therewith. *See United States v. Brice*, 649 F.3d 793, 794

3

(D.C. Cir. 2011). *See also United States v. Hayes*, 231 F.3d 663 (9th Cir. 2000) (noting that applications were sealed); *United States v. LaFuente*, 991 F.2d 1406 (8th Cir. 1993) (same).

Here, the United States seeks at this time only to seal the application package rather than any future proceedings related thereto; these materials

Accordingly, the United States respectfully requests that this Court seal the motion for the issuance of the material witness arrest warrant, the affidavit and this memorandum of law in support thereof, and the Court's order on the same until further order of this Court.

4

CONCLUSION

Therefore, pursuant to 18 U.S.C. § 3144, the United States requests that

☐

until proceedings under 18 U.S.C. § 3142 can take place. The United States further requests that the materials related to this application be sealed until further order of this Court.

This the 15th day of September, 2022.

    Respectfully submitted,

    SANDRA J. HAIRSTON
    United States Attorney

    /S/ NICOLE R. DUPRÉ
    Assistant United States Attorney
    NCSB #41214
    United States Attorney's Office
    Middle District of North Carolina
    101 S. Edgeworth St., 4th Floor
    Greensboro, NC 27401
    Phone: 336/333-5351